Milagros RUIZ, et al., Plaintiffs,

v.

PRESBYTERIAN COMMUNITY
HOSPITAL, INC. et al.,
Defendant.

Civil No. 12–1584 (PAD).

United States District Court,
D. Puerto Rico.

Signed June 20, 2014.

David C. Indiano–Vicic, Vanesa Vicens, Jeffrey M. Williams–English, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Maileidy Alexandra Gomez–German, Morales Morales Law Offices, Jaime Sifre–Rodriguez, Sanchez–Betances, Sifre & Munoz–Noya Law Offices, PSC, Jeannette M. Lopez, Mapfre Praico Insurance Company, Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova, Roberto E. Ruiz–Comas, RC Law and Litigation Services PSC, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–
HERNÁNDEZ, District Judge.

Before the Court are defendant's Presbyterian Community Hospital, Inc.'s ("PCH") "Motion for Partial Summary Judgment" (Docket No. 91), and plaintiffs' "Response in Opposition to Partial Motion for Summary Judgment" (Docket No. 92). For the reasons stated below, PCH's motion is granted to the extent it seeks dismissal of the inherited claims, and denied insofar as it seeks dismissal with prejudice.

### A.

Plaintiffs Milagros Ruiz and John R. Diaz, Jr. seek to recover for damages related to the treatment and death of Mr. John Diaz, Sr. which they attribute to defendants' negligence under Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1). In addition to his own damages, Diaz, Jr. seeks compensation on behalf of his deceased father as his sole heir, for the damages allegedly suffered by his father prior to his death. *Id.* at ¶ 144.[1]

Defendant PCH has moved for summary judgment alleging that Diaz, Jr. is not the only child of the deceased, as he testified during his deposition that the decedent had a daughter, who is Diaz Jr.'s sister, named Kristin Diaz (Docket No. 91). Diaz is not a party to this case. According to PCH, when a survivorship claim arising under Article 1802 does not include all heirs of the state, dismissal is warranted. *Id.* at p. 4 (*citing, Cruz–Gascot v. HIMA–San Pablo Bayamon,* 728 F.Supp.2d 14, 26 (D.P.R.2010); *Aguayo–Cuevas v. PREPA,* 286 F.R.D. 199 (D.P.R.2012); *Pino–Betancourt v. Hospital Pavia Santurce,* 928 F.Supp.2d 393 (D.P.R.2013) and *Casillas–Sánchez v. Ryder Memorial Hospital,* 2013 WL 3943517 (D.P.R.2013)).

Plaintiffs admit Diaz, Jr. is not the only child of the deceased. They also admit the deceased had two children, which are Diaz, Jr. and Kristin Jennifer Diaz (Docket No. 92, Exh. 1 at ¶ 7). They contend, however, this is completely immaterial because in their view, Puerto Rico law does not require all heirs to participate in a lawsuit for inherited pain and suffering (Docket No. 92 at pp. 1–8). Thus, they invite the Court to follow other opinions of this district that directly contradict *Cruz–Gascot*

---

1. Allegation number 144 states as follows: "John Diaz, Jr., as his father's sole heir, inherits under Puerto Rico law, John Diaz Sr. pain and suffering he underwent as a result of Defendants' negligence" (Docket No. 1, at p. 20).

and "flatly reject [ ] Defendant PCH's argument." *Id.* at p. 2.

### B.

This Court recently evaluated this issue in *Reyes–Ortiz v. HIMA San Pablo–Bayamón,* Civil No. 11–1273 (D.P.R. June 16, 2014) (Docket No. 142), and finds no reason to deviate from its previous ruling.

In that case, the Court acknowledged the split in this district regarding whether all the heirs are indispensable parties to a survivorship or inherited claim. *Id.* at pp. 3–4. After carefully examining all of the authorities the parties cited (including those cited by plaintiffs in this case), the Court held that all heirs are indispensable for a survivorship or inherited action to be brought. *Id.* at p. 3.

While doing so, the Court agreed with the reasoning and conclusions of *Cruz–Gascot* and of the Report and Recommendation in *Jiménez v. Bentley,* Civil No. 12–1504 (ADC/SCC) (D.P.R. February 11, 2014) (Docket No. 175), adopted as relevant by Chief Judge Delgado–Colón on March 31, 2014 (Docket No. 181).

### C.

Because all heirs are indispensable for a survivorship or inherited action to be brought, Mr. Diaz, Jr. is ordered to inform the Court, on or before June 27, 2014, whether he wants to pursue the inherited claim and be allowed to bring the absent heir as a party to this case. This motion shall include a proposed schedule to complete the process of joining the absent heir.

Otherwise, Diaz, Jr.'s claim for inherited pain and suffering will be dismissed on June 30, 2014. Contrary to PCH's request, dismissal of this claim will be without prejudice.

Should plaintiff decide not to pursue the inherited claims, the parties are ordered to jointly provide, on or before July 2, 2014, three alternate available dates from July 11–24, 2014 in which the Pre–Trial and Trial may be held.

**SO ORDERED.**